**Lionel J. DESPRES and Gladys Despres, Plaintiffs,**

v.

**AMPCO–PITTSBURGH CORP., et al., Defendants.**

**Civil No. 3:07cv1359 (JBA).**

United States District Court, D. Connecticut.

Sept. 22, 2008.

See also, 2008 WL 4272649.

Brian P. Kenney, Christopher Meisenkothen, Early, Ludwick & Sweeney, New Haven, CT, for Plaintiffs.

Geoffrey Lane Squitiero, Maher & Murtha, Bridgeport, CT, James R. Oswald, Adler, Pollock & Sheehan, Providence, RI, Dan E. Labelle, Joshua M. Auxier, Halloran & Sage, Westport, CT, Christopher J. Lynch, Halloran & Sage, Hartford, CT, Bryna Rosen Misiura, Michael D. Simons, The Governo Law Firm LLC, Boston, MA, for Defendants.

## RULING ON PLAINTIFFS' MOTION TO REMAND

JANET BOND ARTERTON, District Judge.

Plaintiffs Lionel Despres and Gladys Despres brought this action, originally filed in Connecticut Superior Court, seeking damages for injuries suffered by Mr. Despres arising out of his occupational exposure to asbestos materials. Defendant Viad Corporation ("Viad"), allegedly the successor-in-interest to Griscom–Russell Company ("Griscom–Russell"), removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1). Plaintiffs have moved to remand the case back to state court, arguing that Viad lacks a proper basis for asserting the federal-officer-removal statute, that the notice of removal was untimely filed, and that their complaint disclaims all federal claims and grounds for proper removal.

This ruling is issued as a companion decision to the Court's recent determination of nearly identical issues in *Pantalone v. Aurora Pump Co.*, 576 F.Supp.2d 325, 2008 WL 4272649 (D.Conn.2008). In that opinion, the Court summarized the legal principles pertaining to removal under § 1442(a)(1), which, owing to the great similarity between the two cases, are incorporated by reference here. *See also Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 138 (2d Cir.2008) (discussing § 1442(a)(1) removal).

For the reasons that follow, the Court finds that Viad's removal was proper and denies Plaintiffs' motion to remand.

## I. Relevant Background

In their complaint, Plaintiffs allege, in relevant part, that Mr. Despres "was exposed to various asbestos containing products while in the Navy, as a fire control technician during the years 1955–1984."

(Compl.¶ 5.) Plaintiffs allege that Mr. Despres's exposure was the result of his contact with materials manufactured or supplied by each of the several Defendants (including Viad), thus giving rise to their liability under Connecticut law. (*Id.* ¶¶ 3, 6–11.)

Viad was served with the complaint and summons on August 9, 2007. It then removed the case on September 10, 2007, on the basis of the following factual assertions: [1]

> 13. Any equipment manufactured for the United States Navy by Griscom–Russell was manufactured under the direction of a federal officer. Griscom–Russell, like any government supplier, would have designed and manufactured any equipment sold to the United States Navy according to precise, detailed specifications of the United States Navy. The United States Navy enforced compliance with its design specifications. No aspect of the design of its equipment escaped the close control of the United States Navy and its officers. Moreover, the United States Navy specified what was to be written, posted, printed and published on any nameplate or signs for any machine manufactured for the United States Navy.

> As recognized by the United States Supreme Court in *Boyle v. United Technologies Corp.*, Viad, as the alleged successor-in-interest to Griscom–Russell, has a federal defense to this action, namely the government contractor immunity from liability for injuries arising from any exposure to asbestos from equipment Griscom–Russell manufactured pursuant to contracts with, and

specifications required by, the United States Navy. There is a causal nexus between plaintiffs' claims which allege injury from exposure to asbestos and the alleged acts of Griscom–Russell, if any, which were performed under the direction and control of the United States Navy.

(Not. Removal [Doc. # 1] ¶¶ 13–14 (citations omitted).)

Viad supplemented its notice of removal by attaching the declarations of Ben J. Lehman, a retired Navy Rear Admiral, and Charles R. Cushing, an expert in naval architecture and engineering. In his declaration, Admiral Lehman attested to his "familiar[ity] with the plans, designs and specifications used in the construction and repair of commercial and Navy ships" and "to the level of supervision and control by the United States Navy and its officers over every aspect of the design and manufacture of equipment intended for installation on Navy vessels." (Lehman Decl. ¶¶ 2–3.) Describing Navy practices dating to World War II, Lehman averred:

> 7. In the 1940s, 1950s, and afterward, the Navy had complete control over every aspect of each piece of equipment. Military specifications governed every characteristic of the equipment used on Navy ships, including the instructions and warnings. . . .

> 8. The Navy had specifications as to the nature and content of all written material that was delivered with each piece of equipment. . . . In short, the Navy dictated every aspect of the design, manufacture, installation, overhaul, written documentation and warnings as-

---

**1.** Two other Defendants, Buffalo Pumps, Inc. and General Electric Co., subsequently joined in Viad's petition for removal, filing their own notices of removal on September 21 and 27, 2007, respectively. But because these two additional notices were filed outside of the initial thirty-day removal period provided in 28 U.S.C. § 1446(b), the Court will not consider them. *See Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 205 (2d Cir.2001) ("Where the notice fails to state a proper basis for removal, a defendant generally will not be permitted to amend the notice after the close of the thirty day removal period.")

sociated with its ships and did not permit deviations by any of its contractors....

10. Based on my experience, professional training, education and research, it is my opinion that equipment suppliers were prohibited from providing any warnings to be placed on or to accompany equipment supplied to the Navy without the consent and approval of the Navy. Moreover, certain types of warnings would not have been approved by the Navy given the necessary performance needs and capabilities of the shipboard equipment, the ships and Navy personnel.

(*Id.* ¶¶ 7–8, 10.) Admiral Lehman went on to conclude that "[t]he information possessed by the Navy with respect to the specification and use of asbestos, and the health hazards associated with its use aboard Navy vessels, represented the state-of-the-art and far exceeded any information that possibly could have been provided by manufacturers of equipment." (*Id.* ¶ 12.) Cushing's declaration confirmed this description of the practices of Navy suppliers and of Griscom–Russell specifically:

3. Griscom–Russell is a defunct company that manufactured desalination units and heat exchangers used on some U.S. Navy Ships in the 1940's and 1950's....

5. The United States Navy was intimately involved in the manufacture of any Griscom–Russell equipment used on U.S. Navy vessels, as the equipment manufactured for those vessels was designed and built to meet precise and exacting specifications of the U.S. Navy. Moreover, pursuant to the U.S. Navy's specifications, Griscom–Russell would not have been able to affix to its products any type of warning or cautionary statements concerning alleged health hazards from the installation, use or maintenance of the products....

6. Moreover, the U.S. Navy had precise specifications for any informational manuals delivered with Griscom–Russell equipment. Again, Griscom–Russell would have had no discretion to deviate from such specification, and the U.S. Navy participated intimately in the preparation of this kind of information and exercised specific direction and control over contents.

(Cushing Decl. ¶¶ 3, 5–6.)

Viad argues that these factual assertions provide sufficient basis for removal pursuant to § 1442(a)(1).

## II. Plaintiff's Disclaimer

The threshold issue that the Court must resolve is whether the disclaimer in Plaintiffs' complaint has any effect on Viad's right of removal. Paragraph 2a of Plaintiffs' complaint reads in full:

The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Connecticut defendant. Removal is improper. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, *or of any federal officer of the U.S. or any agency or person acting under him occurring under color of such office* ). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

(Compl. ¶ 2a (emphasis added).) Plaintiffs contend that this means that they "are specifically not suing Viad for anything that a federal officer or agency compelled it to do." (Pls.' Mem. Remand [Doc. # 15] at 6.) Opposing Plaintiffs' motion to remand, Viad argues that this paragraph has no effect:

[I]t is disingenuous for plaintiffs to assert that they have "disclaimed" any claims arising out of actions taken at the direction of a federal officer. If plaintiffs['] disclaimer or waiver were complete, they would not have a case against Viad because Mr. Despres' [s] exposure was on board a Navy vessel. Plaintiff[s'] argument is essentially an effort to waive [ ] Vaid's statutory right to Federal Officer Jurisdiction.

(Viad's Opp'n Remand [Doc. # 33] at 16–17.)

Plaintiffs cite several cases which they believe stand "for the proposition that a plaintiff is free to waive any federal claims so that he or she may proceed in state court." (Pls.' Mem. Remand at 8.) These cases are not on point. In *Westbrook v. Asbestos Defendants (BHC)*, No. 01–1661, 2001 WL 902642, at *2–*3 (N.D.Cal. July 31, 2001), the plaintiffs had expressly excluded from their claims all "asbestos exposure at military and federal government jobsites and aboard U.S. Navy vessels." Holding the plaintiffs to this "stipulation," the court granted their motion to remand—and also concluded that the defendant had not made a showing of a colorable federal defense. *Id.* at *3–*4. The other cases cited by Plaintiffs are similarly distinguishable. *See Schilz v. A.P. Green Indus., Inc.*, No. 01–4299, 2002 WL 102608, at *1 (N.D. Cal. Jan 15, 2002) (remanding based on the defendant's "fail[ure] to submit evidence demonstrating that it was subject to any government specifications with respect to the placement of warnings on its products"); *Overly v. Raybestos–Manhattan*, No. 96–2853, 1996 WL 532150, at *4 (N.D.Cal. Sept.9, 1996) (finding that the defendant did not show a causal nexus and had no colorable federal defense); *Hardmon v. City of Clarksdale*, No. 97–32, 1998 WL 378380, at *1 (N.D.Miss. May 21, 1998) (reading plaintiff's complaint to contain no federal claim and thus remanding the case).

■ Unlike in *Westbrook*, the Plaintiffs in this case have not excluded from their claims against Viad all instances of asbestos exposure as a result of Griscom–Russell's work on behalf of the Navy. Yet, Plaintiffs maintain that they have "waived their federal claims." (Pls.' Mem. Remand at 8.) Plaintiffs cannot have it both ways. One the one hand, they seek to hold Viad liable for the asbestos exposure traceable to Griscom–Russell's work for the Navy; on the other, they claim Viad has no right to remove on the basis of a colorable federal defense. Presumably, if Plaintiffs truly wanted to avoid providing a basis for federal-officer removal, they could have crafted their complaint to seek damages only for conduct not undertaken pursuant to contracts with the federal government, or they could have dismissed Viad from the case altogether. But Plaintiffs have not pleaded their case in such a way, and so the Court cannot deny Viad its long-recognized statutory right to remove the case in order to assert a federal defense.

### III.   Federal–Officer Removal

■ As more fully explained in the Court's companion ruling in *Pantalone*, defendants seeking to invoke § 1442(a)(1) despite not themselves being federal officers must meet three prerequisites for removal:

> First, they must show that they are persons within the meaning of the statute who acted under a federal officer. Second, they must show that they performed the actions for which they are being sued under color of federal office. Third, they must raise a colorable federal defense.

*Isaacson*, 517 F.3d at 135 (citations and quotation marks omitted). Here, for the same reasons as in Pantalone, Viad has made a satisfactory factual showing to support removal.

■ First, Plaintiffs do not dispute that Viad, through its alleged predecessor Griscom–Russell, was a person acting under a federal officer during the time period covered by the complaint. The notice of removal and supporting declarations show that Viad manufactured equipment for the Navy and according to the Navy's precise specifications. (Not. Removal ¶ 13.)

Second, Viad's theory of the case shows that "the acts for which [it is] being sued"—namely, the manufacture of equipment containing asbestos—"occurred *because of* what [it was] asked to do by the Government." *Isaacson*, 517 F.3d at 137. This necessary causal link is satisfied based on Viad's assertions that the use of hazardous asbestos occurred while Griscom–Russell was carrying out its Navy-directed duties. (Not. Removal ¶ 14.)

Finally, Viad has raised a colorable federal defense, specifically the government-contractor defense recognized in *Boyle*. Through the averments of Admiral Lehman and Cushing in their declarations, Viad has shown that (1) the Navy "approved reasonably precise specifications" for the equipment supplied by Griscom–Russell (Lehman Decl. ¶¶ 5–10); (2) that equipment "conformed" to the Navy's detailed and precise specifications (Cushing Decl. ¶¶ 5–7); and (3) the Navy was already aware of the asbestos-related "dangers in the use of the equipment" supplied by Griscom–Russell (Lehman Decl. ¶ 12). *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 88 (2d Cir.2008) (quoting *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988)).

Therefore, because Viad has satisfied the three statutory prerequisites, removal pursuant to § 1442(a)(1) was proper.

## IV. Timeliness

■ The remaining issue is whether Viad's notice of removal was timely filed pursuant to 28 U.S.C. § 1446(b). In their first brief, Plaintiffs argued that Viad removed the case too late: "Here, defendant did not remove the case within 30 days of service of the initial complaint, which was served on August 9, 2007. Instead, defendant filed its Petition for Removal on September 10, 2007, thirty-two days after service of the complaint." (Pls.' Mem. Remand at 3.)

This argument is without merit. The thirtieth day after August 9, 2007 was September 8. However, because September 8 was a Saturday, according to the rules for computing time set out on Federal Rule of Civil Procedure 6(a)(3), the period for removal was extended until the next regular weekday. September 10 was the Monday immediately following September 8. Thus, because Viad filed its notice of removal on September 10, 2007, it complied with the thirty-day period for removal specified in § 1446(b).

## V. Conclusion

In summary, because Viad has provided a sufficient factual basis to support removal pursuant to 28 U.S.C. § 1442(a)(1) and because it timely removed the case according to § 1446(b), the case will remain in federal court. Accordingly, Plaintiffs' motion to remand [Doc. # 14] is denied.

IT IS SO ORDERED.